UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | |
|---|---|
| BRICKLAYERS INSURANCE AND WELFARE FUND, BRICKLAYERS PENSION FUND, BRICKLAYERS SUPPLEMENTAL ANNUITY FUND, BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND, NEW YORK CITY AND LONG ISLAND JOINT APPRENTICESHIP AND TRAINING FUND, INTERNATIONAL MASONRY INSTITUTE, and JEREMIAH SULLIVAN, JR., in his fiduciary capacity as Administrator, BRICKLAYERS LOCAL 1, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFT WORKERS, and BRICKLAYERS LABOR MANAGEMENT RELATIONS COMMITTEE, : : : : : : : : : : : : : : : : : Plaintiffs, : : -against- : : P.P.L. CONSTRUCTION SERVICES CORP., : : Defendant. : : | **MEMORANDUM & ORDER ADOPTING REPORT & RECOMMENDATION** 12-CV-3940 (DLI)(ST) |

------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief Judge:**

The relevant background of this case has been set forth in substantial detail in prior opinions of this Court and in the Report and Recommendation issued by United States Magistrate Judge Steven Tiscione on January 12, 2017 (the "R&R"), that is the subject of the present order. (*See* Opinion and Order, dated Mar. 27, 2015, Dkt. Entry No. 17 ("March 2015 Opinion"); Opinion and Order, dated March 31, 2016 ("March 2016 Opinion"), Dkt. Entry No. 29; R&R, dated Jan. 12, 2017, Dkt. Entry No. 45.) In sum, on August 8, 2012, Bricklayers Insurance and Welfare Fund ("Welfare Fund"), Bricklayers Pension Fund ("Pension Fund"), Bricklayers Supplemental Annuity Fund ("Annuity Fund"), Bricklayers and Trowel Trades International Pension Fund

("IPF"), New York City and Long Island Joint Apprenticeship and Training Fund ("JATC"), International Masonry Institute ("IMI"), Jeremiah Sullivan, Jr., Bricklayers Local 1 ("Local 1"), International Union of Bricklayers and Allied Craft Workers, and Bricklayers Labor Management Relations Committee ("LMRC") (collectively, "Plaintiffs") filed a complaint in this Court against P.P.L. Construction Services Corp. ("Defendant") alleging that Defendant failed to make required contributions to the Funds and pay dues checkoffs[1] in violation of Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. (Complaint ("Compl.") at ¶¶ 1, 8-11, Dkt. Entry No. 1.)

Over the course of a discovery period that was protracted unnecessarily because of Defendant's intransigence, Defendant refused to make available the books and records needed to complete the audit required to assess Plaintiffs' claims. As a result of Defendant's obstruction, the March 2015 Opinion ordered Defendant to submit to an audit under the threat of being found in contempt and having sanctions imposed for failure to cooperate. (March 2015 Opinion.) After Defendant continued to defy clear and unambiguous court orders, the March 2016 Opinion granted Plaintiffs' motion to hold Defendant in civil contempt of court and to impose sanctions for failing to comply with the directives of the March 2015 Opinion. (March 2016 Opinion.) Specifically, the Court ordered sanctions in the amount of $250.00 per day to be imposed on Defendant for each day after May 2, 2016, that Defendant failed to produce the requested records to Plaintiffs' auditors. (March 2016 Opinion.)

After Defendant still failed to produce the records after May 2, 2016, the Court granted

---

[1]   A dues checkoff is a voluntarily authorized and regular deduction of an employee's wages by an employer to pay off the union dues by deductions in earnings as opposed to separate individual payments.

Plaintiffs leave to file a motion for default judgement, which was done on August 24, 2016. (Mot. for Default J. ("Plaintiffs' Motion" or "Pls. Mot."), Dkt. Entry No. 36.) The next day, on August 25, 2016, the Court referred the motion to the magistrate judge for the preparation of a report and recommendation. While the motion was pending, the Court ordered Defendant to show cause why the sanctions ordered in the March 2016 Opinion should not be imposed. At the conclusion of the order to show cause hearing held on October 19, 2016, before this Court and Magistrate Judge Tiscione, the Court imposed sanctions of $250.00 per day from May 2, 2016 to October 19, 2016.

On January 12, 2017, the magistrate judge issued the thorough and well reasoned R&R, recommending that this Court find default judgment appropriate under both Federal Rules of Civil Procedure 37 and 55. (R&R.) With respect to Rule 37, the magistrate judge weighed the pertinent factors and found that sanctions were appropriate, *inter alia*, because of "the willfulness of Defendant's failure to comply with the Court's discovery orders," and the extent of its noncompliance. (R&R at 10-16.) The magistrate judge further held that, even if this were not a situation where Rule 37 sanctions were appropriate, Defendant had not met the "good cause" standard to defend against default judgment under Rule 55. (*Id.* at 16-20.) Ultimately, the magistrate judge recommended that the Court enter judgment awarding Plaintiffs $288,979.42, consisting of: (i) $130,386.48 in unpaid contributions; (ii) $79,121.47 in accrued interest as of the date of the R&R, plus $35.72 per day until the date judgment is entered; (iii) $79,121.47 in accrued interest as of the date of the R&R, plus $35.72 per day until the date judgment is entered, in lieu of liquidated damages; and (iv) $350 in costs and disbursements. (*Id.* at 27-28.) The magistrage judge further recommended that Plaintiffs not be awarded attorney's fees. (*Id.* at 28.)

After this Court reluctantly granted Defendant's belated request for an extension of time to object to the R&R, Defendant filed its objections on February 9, 2017. (Pl. Objections to R&R

3

(the "Objections"), Dkt. Entry No. 51.)[2]  For the reasons set forth below, the R&R is adopted in its entirety.

## DISCUSSION

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects.  *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  However, if a party "simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("A rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal quotation marks omitted).  Similarly, the Court will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (citation and internal quotation marks omitted).  After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

As an initial matter, Defendant's suggestion that the referral of a motion of this type to a magistrate judge is improper pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil

---

[2]  Plaintiffs request that the R&R be deemed unopposed because Defendant's objections were not filed on ECF by February 9, 2017.  (*See* Dkt. Entry No. 53.)  However, due to apparent issues Defendant's counsel experienced with ECF on February 9, the Clerk's Office accepted the objections as if filed on February 9, 2017.  Therefore, the Court will consider Plaintiff's submission.

Procedure 72(b)(2) is directly contradicted by 28 U.S.C. § 636(b)(1)(B) and the title of Rule 72(b), respectively. *See* 28 U.S.C. § 636(b)(1)(B) ("a judge may also designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in paragraph (A)"); Rule 72(b) (discussing duties of magistrate judges for "Dispositive Motions and Prisoner Petitions"). Moreover, several of the remaining objections that Defendant purports to make are improper as they (i) consist of "arguments . . . which could have been, but were not, presented to the magistrate judge in the first instance," *Jefferson v. LaClair*, 4 F. Supp.3d 462, 465 (E.D.N.Y. 2014) (citation and alteration omitted); and/or (ii) fail to "reference a specific portion of the Report and Recommendation," to which Defendant purports to object. *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y.2008).

With respect to the two objections that arguably are proper, the Court has reviewed the relevant portions of the R&R *de novo*. These arguments consist of the following: (i) the magistrate judge erred by adding the amount of accrued interest twice in his calculation; and (ii) the recommended award amount improperly includes payments for a period of time not sought by Plaintiffs. (Objections ¶¶ 4-5.) These objections have no merit. As to the first objection, the magistrate judge clearly articulated the correct interpretation of the ERISA statute, which provides for "liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions or (ii) the liquidated damages provided for under the plan, in an amount not in excess of 20% of the unpaid contributions." (R&R at 26.) Although the calculation Plaintiffs made in their default judgment motion used the amount of 20% of the unpaid contributions, the magistrate judge correctly noted that "the statute is clear that 'the Court shall award' Plaintiffs 'an amount equal to the greater of' the interest or the liquidated damages." (R&R at 26 (quoting 29 U.S.C. §

1132(g)(2)(C)).)  In this case, the liquidated damages amount the magistrate judge calculated earlier in the opinion was greater than 20% of the unpaid contributions, and, as such, he correctly used this as the liquidated damages amount.  (*See* R&R at 26 (citing *DeVito v. Hempstead China Shop, Inc.*, 831 F. Supp. 1037, 1040 (E.D.N.Y. 1993) ("The [ERISA] statute therefore provides for a double interest payment or alternative liquidated damages to compensate a multiemployer benefit fund plan for costs incurred in connection with delinquencies[.]").)

Defendant's second objection also fails because it is not true.  Defendant asserts that "[t]he award recommends payment of Fringe Benefits for a period of eight years for periods not questioned by plaintiffs."  (Objections ¶ 5.)  However, as shown by the chart on page 25 of the R&R, the Court's calculation is limited to a four-year period from 2009 through 2012.  The magistrate judge noted that a calculation for a longer period that would have included 2008 could not be made because "[t]hough [it] is not their fault, Plaintiffs may not recover damages for that period here because their damages cannot be established to a reasonably certain degree."  (R&R at 24.)

Although not required to do so, the Court also has conducted a *de novo* review of the remaining portions of the R&R, the operative pleadings and all motion papers.  Having considered the remaining objections, they are overruled.  The R&R is adopted in its entirety, and, for the reasons set forth in the R&R, Plaintiffs' motion for default judgment against Defendant is granted and judgment is awarded to Plaintiffs in the amount of $288,979.42, plus $71.44 per day from January 12, 2017 until the date judgment is entered.  This payment consists of the following:  (i) $130,386.48 in unpaid contributions; (ii) $79,121.47 in accrued interest as of the date of the R&R, plus $35.72 per day until the date judgment is entered; (iii) $79,121.47 in accrued interest as of the

date of the R&R, plus $35.72 per day until the date judgment is entered, in lieu of liquidated damages; and (iv) $350 in costs and disbursements.

## **CONCLUSION**

Upon due consideration and review, the objections are overruled and the R&R is adopted in its entirety. Accordingly, Plaintiffs' motion for default judgement is granted. The Clerk of the Court is directed to enter judgment in favor of Plaintiffs in accord with this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
       March 23, 2017

                                                               /s/
                                           DORA L. IRIZARRY
                                              Chief Judge